**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Rosella Collins Puoch, as guardian of the person and conservator of the estate by and on behalf of her son, Richard Vickers,<br><br>              Plaintiff,<br><br>v.<br><br>State of Minnesota, the Minnesota Department of Human Services, St. Peter Regional Treatment Center, and Kevin Goodno, Jennifer Service, Larry Tebrake, Andrea Gillen, and Jennifer Graft, individuals,<br><br>              Defendants. | Civil No. 06-3706 (DWF/AJB)<br><br><br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

Gergory S. Bachmeier, Esq., and Phillip F. Fishman, Esq., Fishman Binsfeld & Bachmeier, PA, and John A. Klassen, PA, counsel for Plaintiff.

Paul Kenneth Kohnstamm, Assistant Attorney General, Assistant Minnesota Attorney General, counsel for Defendants State of Minnesota, the Minnesota Department of Human Services, St. Peter Regional Treatment Center, Kevin Goodno, Jennifer Service, and Larry Tebrake; Defendant Jennifer Graft, *Pro Se*; and Barbara A. Zurek, Esq., Meagher & Geer, PLLP, counsel for Defendant Andrea Gillen.

**INTRODUCTION**

This matter is before the Court pursuant to a Motion to Dismiss brought by

Defendants State of Minnesota, the Minnesota Department of Human Services, St. Peter

Regional Treatment Center, and Kevin Goodno, Jennifer Service, and Larry Tebrake

(collectively, the "State Defendants").[1] In the Second Amended Complaint (the "Complaint"), Plaintiff Rosella Collins Puoch, as guardian of the person and conservator of the estate by and on behalf of her son, Richard Vickers, alleges a violation of the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983 and violations of several Minnesota statutes and common law. For the reasons set forth below, the Court grants the State Defendants' motion.

## BACKGROUND

Puoch is the mother and general conservator of Richard Vickers, a thirty-two-year-old, mentally-ill, adult male. Vickers has been diagnosed with bipolar disorder, personality disorders, and hyper-sexuality. At all times relevant to this lawsuit, Vickers was a resident of the State of Minnesota and was involuntarily committed as a patient at St. Peter Regional Treatment Center ("SPRTC") in Minnesota. Because of his medical conditions and involuntary confinement in a state hospital, Vickers is considered a "vulnerable adult" under Minnesota law. At all times relevant to this lawsuit, Goodno was the Commissioner of the Minnesota Department of Health and Human Services, Tebrake was the Director of SPRTC, and Service was the Medical Director of SPRTC.

In the Complaint, Puoch alleges that while Vickers was confined at SPRTC, two nurses employed by SPRTC engaged in sexual acts with him. Specifically, Puoch alleges that from May through October 2005, Defendant Andrea Gillen, a charge nurse employed

---

[1] Defendants Andrea Gillen and Jennifer Graft were not part of this motion.

at SPRTC, engaged in oral, vaginal, and anal sexual intercourse with Vickers on approximately thirty occasions.  Puoch alleges that these sexual acts occurred while Vickers was Gillen's patient and under her medical care.  Further, Puoch alleges that these sexual acts occurred on nearly every shift she worked at SPRTC during that period.  Puoch alleges that some of the sexual acts occurred in the nursing office at SPRTC and some occurred in a motel room on October 2, 2005, after Gillen gave Vickers a day-pass and arranged to meet him at the motel.  Puoch also alleges that Gillen gave Vickers money, love letters, and prepaid telephone cards during the period when she was engaging in sexual acts with him.  Puoch alleges that Gillen became angry with Vickers when he would not agree to have sex with her during this period.

In addition, Puoch alleges that Jennifer Graft, another nurse employed at SPRTC, sexually fondled and kissed Vickers on approximately fifty occasions from March 2005 through October 2005.  Specifically, Puoch alleges that Graft masturbated Vickers in his cell and regularly had Vickers touch and fondle her genitals.  Puoch alleges that these sexual acts occurred while Graft was working and while Vickers was a patient under her medical care.  Puoch alleges that Graft engaged in sexual acts with Vickers on nearly every shift she worked at SPRTC during that period.  Puoch also alleges that Graft took Vickers outside SPRTC to the dentist and on a day-pass to see a movie and engaged in sexual acts with him during those times.  Puoch further alleges that Graft gave Vickers money and gifts during this period.

In the Complaint, Puoch alleges that in their capacities as Commissioner of the

Department of Human Services, Director of SPRTC, and Medical Director of SPRTC, Goodno, Tebrake, and Service, respectively, were each responsible for the training and supervision of SPRTC staff.  Puoch alleges that by their titles and positions, Goodno, Tebrake, and Service were responsible for Vickers' custody, medical care, and safety.  In particular, Puoch alleges that in their employment capacities, Goodno, Tebrake, and Service had duties to provide Vickers with proper medical care, to protect Vickers from sexual and other abuse by state employees, to provide Vickers with reasonably safe conditions of confinement, and to protect Vickers from threats to his safety.  Additionally, Puoch alleges that sexual relations between psychiatric healthcare workers and patients is a "well-known hazard," and therefore a "foreseeable risk."  (Compl. ¶¶ 26, 33.)

Puoch further alleges that Goodno, Tebrake, and Service "aided and abetted" the commission of the sexual acts against Vickers by providing Gillen and Graft with "the authority and opportunity to commit said sexual abuse, and failing to take all proper and reasonable steps to prevent said sexual abuse."  (Compl. ¶ 54.)  Additionally, Puoch alleges that each of the State Defendants "represented Defendants Gillen and Graft to the public as licensed nurses, competent, careful and experienced in the treatment of psychiatric patients."  (Compl. ¶ 75.)

In their Motion to Dismiss, the State Defendants request that the Court dismiss with prejudice the § 1983 claims against them and dismiss without prejudice the remaining state claims.  Puoch agrees that the Court should dismiss with prejudice her § 1983 claim against the State of Minnesota, the Department of Human Services, SPRTC,

and Goodno, Tebrake, and Service, in their official capacities.  (*See* Pl.'s Mem. of Law in Opp'n to the State Defs.' Mot. to Dismiss at 2–3.)  Thus, the only issue remaining is whether the Court should dismiss with prejudice the § 1983 claims against Goodno, Tebrake, and Service in their individual capacities under Federal Rule of Procedure 12(b)(6).  Further, Puoch agrees that if the Court grants the State Defendants' motion to dismiss the § 1983 claims against Goodno, Tebrake, and Service in their individual capacities, then the Court should dismiss without prejudice the remaining state claims.

## DISCUSSION

### I. Standard of Review

A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

## II. Section 1983 Claims Against Goodno, Tebrake, and Service in their Individual Capacities

The State Defendants assert that the Court should dismiss the § 1983 claims against the supervisory-level defendants, Goodno, Tebrake, and Service. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (internal citations omitted). Therefore, to establish personal liability of the supervisory defendants, Puoch must allege "specific facts of personal involvement in, or direct responsibility for, a deprivation of [Vickers'] constitutional rights." *Id. See also Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

The State Defendants contend that Puoch has not alleged in the Complaint specific facts that Goodno, Tebrake, and Service were personally involved with or directly responsible for a deprivation of Vickers' constitutional rights. Rather, the State Defendants assert that the Complaint contains long lists of Goodno's, Tebrake's, and Service's job duties, which according to the State Defendants, are typically pled in tort claims of vicarious liability and respondeat superior. In response, Puoch contends that the Complaint contains more numerous and specific references and allegations against Goodno, Tebrake, and Service than those alleged against the supervisory-level defendant in *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Here, the Complaint is devoid of specific allegations that Goodno, Tebrake, or

Service had any personal involvement with any purported deprivation of Vickers' constitutional rights. The Complaint is silent as to specific actions or decisions that Goodno, Tebrake, or Service made with respect to Vickers. Puoch does not identify any specific policy that Goodno, Tebrake, or Service implemented that caused his injury. *Cf. Martin*, 780 F.2d at 1337 (involving a prisoner's challenge to a warden's policies pertaining to diet, sanitation, access to personal hygiene, and opportunity for physical exercise that allegedly violated the prisoner's constitutional rights). Instead, the Complaint contains descriptions of Goodno, Tebrake, and Services's job duties. These allegations are insufficient to establish personal involvement in the acts perpetrated against Vickers.

Although some of the allegations in the Complaint may assert the elements of a common law tort, they are insufficient to establish liability under § 1983. *See Pearl v. Dobbs*, 649 F.2d 608, 609 (8th Cir. 1981) (holding that the doctrine of respondeat superior does not apply under § 1983). Therefore, merely asserting that Goodno, Tebrake, and Service were responsible for supervising and training SPRTC staff and for patient care does not state a claim under § 1983. Likewise, although the assertion that sexual relations between psychiatric healthcare workers and patients is a foreseeable risk may be a consideration in proving negligence, such an assertion does not state a claim under § 1983. Because Puoch has not alleged that Goodno, Tebrake, or Service were personally involved in the purported constitutional violations, the Court must dismiss these claims. Accordingly, Puoch's § 1983 claims against Goodno, Tebrake, and Service

in their individual capacities are dismissed with prejudice.[2]

### III.    Remaining Claims

Under 28 U.S.C. § 1367(a), a federal court may assert supplemental jurisdiction over state law claims when a federal claim is properly before the court.  However, when all federal claims have been dismissed, the court has discretion to dismiss the remaining state claims.  28 U.S.C. § 1367(c)(3); *Willman v. Heartland Hosp. East*, 34 F.3d 605, 613 (8th Cir. 1994).  Section 1367(c)(3) specifically states that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  The Court's discretion as to whether to exercise jurisdiction over these remaining claims should be informed by principles of judicial economy, convenience, fairness, and comity.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court has dismissed Puoch's federal claims against the State Defendants and only Puoch's state law claims remain.  The parties agree that the Court should dismiss without prejudice Puoch's remaining state law claims against the State Defendants.  Thus, for the sake of judicial economy, the Court declines to exercise its

---

[2]    The Court rejects Puoch's request to dismiss the § 1983 claims without prejudice and grant Puoch leave to file a third amended complaint.  The Court has no reason to believe that if such relief were granted, Puoch would come forward with new, specific allegations of personal involvement.  Indeed, at oral argument, Puoch could only "hypothesize" as to specific policies or actions that Goodno, Tebrake, and Service took regarding any deprivation of Vickers' purported constitutional rights.  Moreover, the Court notes that this motion was delayed so that Puoch could depose Graft.  After that
(Footnote Continued on Next Page)

supplemental jurisdiction over Puoch's state law claims.  Puoch's state law claims against the State Defendants are therefore dismissed without prejudice.

## CONCLUSION

In the Court's experience, a dispute is more likely to be resolved if an advocate or lawyer becomes involved early in a dispute.  For this reason, the Court hopes that Defendant Graft, who is presently pro se, will retain a lawyer.  The Court recognizes that the cost of retaining a lawyer may be prohibitive and suggests that Graft contact the Volunteer Lawyers Network (600 Nicollet Mall, Suite 390A, Minneapolis, MN 55402; 612-752-6677; www.volunteerlawyersnetwork.com) to see whether she is eligible to receive help.

Accordingly, **IT IS HEREBY ORDERED** that**:**

1. Defendants' Motion to Dismiss State Defendants (Doc. No. 8) is **GRANTED**.

2. Plaintiff's claims under 42 U.S.C. § 1983 (Count I) regarding the State Defendants are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's claims for violation of Minn. Stat. § 541.073 (Count II), violation of Minn. Stat. § 626.557, *et seq*. (Count III), assault and battery (Count IV), medical negligence (Count V), negligent supervision (Count VI), respondeat superior (Count VII), and violation of Minn. Stat. § 148.01, *et seq*. (Count VIII), regarding the State Defendants

---

(Footnote Continued From Previous Page)
deposition, Puoch did not seek to amend the Complaint to add any new allegations.

are **DISMISSED WIHTOUT PREJUDICE**.


Dated:  May 14, 2007               s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   Judge of United States District Court